UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>A. NGUYEN, et al.,<br><br>           Defendants. | Case No. 3:12-cv-00538-MMD-WGC<br><br>ORDER |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is plaintiff's motion for preliminary injunction (dkt. no. 14). Defendants opposed (dkt. no. 16), and plaintiff replied (dkt. no. 18).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 129 S. Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a

preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (9th Cir. 2010).

In the instant case, plaintiff seeks an order mainly directing that he be transferred from Ely State Prison ("ESP"), that he be given a walking cane (allegedly denied by ESP personnel due to security regulations), and that he be allowed to socialize, exercise, shower, and meet with a psychologist and a chaplain for one-on-one counseling and other mental health treatment. Although plaintiff has set forth allegations in his complaint that state cognizable claims, plaintiff has not established that he is likely to succeed on the merits of such claims. The Court also notes that plaintiff states that several of the conditions he complains about in his motion have been ongoing for fifteen (15) months or more, which also belies plaintiff's claim that he will suffer irreparable harm if preliminary injunctive relief is not granted. As such, at this time, plaintiff's motion for preliminary injunctive relief is denied without prejudice and with leave to renew, if necessary.

IT IS THEREFORE ORDERED that plaintiff's motion for preliminary injunction (dkt. no. 14) is DENIED without prejudice.

IT IS FURTHER ORDERED as follows:

1.  Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED; Lausteveion Johnson, Inmate No. 82138, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. However, plaintiff must pay an initial installment of the filing fee in the amount of $44.12. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

2.  Pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall immediately pay to the Clerk of the United States District Court, District of Nevada, the $44.12 initial installment

of the filing fee, if sufficient funds exist in the account of Lausteveion Johnson, Inmate No. 82138.  Thereafter, Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the plaintiff's inmate account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.  The Clerk of the Court shall also send a copy of this order to the Finance Division of the Clerk's Office.

3. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

4. The Clerk of the Court shall send plaintiff two (2) copies of this order. Plaintiff is ordered to make the necessary arrangements to have one (1) copy of this order attached to the check in the amount of the designated fee, by sending a copy of the order with the "brass slip" for the amount of the fee to Inmate Services for the Nevada Department of Corrections.

5. The Clerk shall electronically serve a copy of this order, a copy of the court's Screening Order (dkt. no. 6 ) and a copy of plaintiff's complaint (dkt. no. 7) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

6. Subject to the findings of the Screening Order, within twenty-one (21) days of the date of the entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it <u>accepts</u> service; (b)  the names of the defendants for whom it <u>does not accept</u> service; and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

7. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). As to any of the defendants for whom the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

9. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS SO ORDERED.

DATED THIS 13th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE