UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | 3:12-cv-00538-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | June 17, 2014 |
| A. NGUYEN, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:              FTR

COUNSEL FOR PLAINTIFF:  Lausteveion Johnson, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Garrit Scott Pruyt

**MINUTE ORDER IN CHAMBERS: Discovery Status Conference**

10:04 a.m.  Court convenes.

The court briefly discusses the events of this case that led to the scheduling of today's hearing.  On November 15, 2013 Defendants filed a Motion to Dismiss (Doc. # 28) on the grounds a settlement agreement in several predecessor civil rights cases should bar this action from proceeding.  Then on December 17, 2013 the court directed the Defendants to file a memorandum specifically arguing what, in any prior settlement agreement with the Plaintiff, precluded him from proceeding in this instant action (Doc. # 38 at pg. 2).  Thereafter, Plaintiff was to respond to Defendants' memorandum identifying what discovery needed to be undertaken as to each of the subjects listed in the Defendants memorandum.  The parties timely complied with the court's directive.[1]  In view of the court's order, briefing was also ordered to be stayed as to Defendants' "Motion to Dismiss or, In the Alternative, Motion for Summary Judgment, or In the Alternative, Motion to Enforce Settlement Agreement" ("Motion to Dismiss") (Doc. # 28).

The court inadvertently overlooked the submission of the parties' briefs, and therefore, has yet to address what discovery Plaintiff should be allowed to undertake to adequately respond to Defendants' Motion to Dismiss.  The court apologizes for this oversight and explains this will be the subject of today's hearing.

---

[1] Defendants' "Correlation of Underlying Settlement to Surviving Claims Under Screening Order" (Doc. # 39) was filed on 12/30/2013.  Plaintiff's "Discovery Brief" was filed on January 7, 2014 (Doc. # 40).

**MINUTES OF PROCEEDINGS**
3:12-cv-00538-MMD-WGC
Date: June 17, 2014
Page 2

      Plaintiff explains his intentions to conduct discovery is so he can adequately respond to Defendants' Motion to Dismiss and to further support all claims allowed to proceed by the screening order (Doc. # 6).

      Defendants continue to argue that, in view of the global settlement agreement that was achieved on February 9, 2012 Plaintiff has waived any right for future litigation relating to the underlying incident that occurred on January 1, 2012. Therefore, it is the Defendants contention that any grievance submitted before February 9, 2012 is barred from litigation. Furthermore, any grievance, even if filed after the February 9, 2012 settlement agreement, is the subject of a complaint from a pre February 9, 2012 grievance, that grievance is barred from any future ligation.

      Additionally, Defendants argue that because the court ruled on a request for preliminary injunction from a previous case (Case No. 2:11-cv-00484-JCM-CWH), which covers all claims identified in this case, prevents Plaintiff from re-litigating those claims pursuant to the February 9, 2012 settlement. Finally, Defendants argue that any discovery Plaintiff seeks at this time will not in any way change why Plaintiff is precluded from pursuing the instant lawsuit.

      Plaintiff explains the instant lawsuit before the court is supported by grievances signed after the February 9, 2012 settlement agreement. Plaintiff contends that, even though the subject matters within those grievances occurred prior to the date of February 9, 2012, those grievances are not barred by the settlement agreement. Plaintiff explains it is his understanding that the settlement agreement barred two circumstances for any future litigation. One, any claim related to the several cases which were settled during the execution of February 9, 2012 agreement are barred from future litigation. Second, any grievances submitted before February 9, 2012, are barred from any future litigation. Plaintiff claims neither of the two circumstances are subject to this instant matter.

      Following the conclusion of Plaintiff's arguments, the court inquires whether Plaintiff still seeks to undertake any discovery with regard to the prior grievances or concerning Defendants' arguments those grievances bar the prosecution of the present action. Plaintiff states he does not need to conduct any discovery relative to Defendants' arguments. Therefore, to the extent Plaintiff's "Request for Scheduling Conference" (Doc. # 30) seeks leave to conduct discovery relative to Defendants' Motion to Dismiss, Plaintiff's request is **DENIED as moot**.

      After hearing from the parties, it is the court's observation that it remains unclear whether the grievances associated to this instant lawsuit are subject to new claims or claims originating from the January 1, 2012 incident. Furthermore, it is unclear whether the grievances were submitted before or after the February 9, 2012 execution of the settlement agreement.

      Although Plaintiff has attached the grievances relative to this matter in his opposition to Defendants' Motion to Dismiss (Doc. # 37, Exhibit A), the court directs the Defendants to re-submit

MINUTES OF PROCEEDINGS
3:12-cv-00538-MMD-WGC
Date: June 17, 2014
Page 3

the grievances that pertain only to each cause of action allowed to proceed in this matter pursuant to the screening order (Doc. # 6). Defendants shall include a summary of their position regarding each grievance. A declaration shall accompany this filing attesting to the authenticity of the documents. Furthermore, the court directs Defendants to file a copy of the aforementioned order regarding the preliminary injunction in Case No. 2:11-cv-00484-JCM-CWH. Defendants shall file the supplemental documents no later than **Tuesday, July 1, 2014**.

Thereafter, Plaintiff shall submit to the court a memorandum explaining why each grievance should not be barred from this instant litigation in light of the February 9, 2012 settlement agreement. Plaintiff shall submit his memorandum no later than **Friday, July 25, 2014**.

Defendants shall have an opportunity to file a reply to Plaintiff's memorandum. Defendants' reply shall be filed no later than **Friday, August 8, 2014**.

In view of the process in which the parties are proceeding hereafter, Defendants' "Motion to Dismiss or, In the Alternative, Motion for Summary Judgment, or In the Alternative, Motion to Enforce Settlement Agreement" (Doc. # 28) and "Defendant Cole Morrow's Joinder to Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment or, In the Alternative, Motion to Enforce Settlement Agreement" (Doc. # 35) are **DENIED without prejudice**. The court will administratively re-file the Defendants' motions and any briefing relating to the motion as of today's date.[2]

The court notes, to the extent Plaintiff's "Discovery Brief"(Doc. # 40) seeks to conduct discovery, that request is **DENIED**.

**IT IS SO ORDERED.**

11:16 a.m. Court adjourns.

                                            LANCE S. WILSON, CLERK
                                            By:         /s/
                                                 Katie Lynn Ogden, Deputy Clerk

---

[2] The following documents will be re-filed as of 6/17/2014: "Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment, or In the Alternative, Motion to Enforce Settlement Agreement" (Doc. # 28); "Defendant Cole Morrow's Joinder to Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment or, In the Alternative, Motion to Enforce Settlement Agreement" (Doc. # 35); and "Plaintiff's Opposition to Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment, or In the Alternative, Motion to Enforce Settlement Agreement" (Doc. # 37).