UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | 3:12-cv-00538-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| A. NGUYEN, et. al., | |
| Defendants. | |

The court issues the instant order in connection with the hearing held on Plaintiff's Motion for Preliminary Injunction (Doc. # 41) on July 28, 2014.

After thoroughly reviewing the record, including the briefing from the parties, the medical records that the court ordered Defendants to submit[1], and hearing argument from the parties, the court has determined that the record needs to be supplemented before the court can issue a report and recommendation on Plaintiff's motion. Therefore, Defendants are directed to file a supplemental memorandum in support of their opposition to Plaintiff's motion, including the following:

(A) A copy of the June 20, 2014 physical examination form, referenced by Dr. Koehn at the hearing, which was not submitted with Plaintiff's medical records. Plaintiff shall also be given an opportunity to view this record by sending a request to the warden;

(B) A discussion regarding the administrative regulations, operational procedures, medical directives or other Nevada Department of Corrections guidelines which address the topic of the dissemination of ambulatory aids to inmates for medical purposes, the procedures for

---

[1] No medical records (or declarations) were submitted with Defendants' opposition to Plaintiff's motion. (*See* Doc. # 44.) Instead, the court ordered Defendants to submit Plaintiff's relevant medical orders and also provided them with an opportunity to file a declaration on behalf of Plaintiff's treating medical provider(s) at Ely State Prison to address the contentions made in Plaintiff's motion. (*See* Doc. # 52.) Defendants submitted the medical records under seal (Doc. # 55); however, as is discussed, *infra*, at least one particularly pertinent record of a recent physical examination of Plaintiff by Dr. Koehn was not included in this submission.

1 assessing whether an inmate will be given such an aid, as well as any document that discusses
2 safety and security issues to be taken into account in the assessment of whether an inmate will
3 receive such a device. Such documents shall be accompanied by authenticating declarations;

4 (C) Defendants shall address the specific safety and security risks posed by the issuance
5 of a cane or wheelchair to Plaintiff. This shall include a discussion of Plaintiff's particular
6 housing classification and the risks he would pose to the institution, as opposed to a generalized
7 description of the safety and security risks that may result from the issuance of these ambulatory
8 aids. The discussion should be accompanied by a declaration made by a person with knowledge
9 to speak on this subject;

10 (D) Defendants shall address Plaintiff's arguments that he: (1) needs a cane or wheelchair
11 to get around his cell; (2) to get to the showers; and (3) to be able to get to the recreational yard
12 by himself;

13 (E) A declaration authenticating the video footage submitted to the court in connection
14 with Defendants' opposition to Plaintiff's request for a hearing on his motion. (*See* Doc. # 58-1).
15 Defendants are also directed to afford Plaintiff an opportunity to view the video footage
16 submitted to the court by sending a request to the warden.

17 This supplement shall be filed and served on or before **August 12, 2014**.

18 Defendants shall also ascertain whether video footage exists of Plaintiff from July 28,
19 2014, which depicts Plaintiff falling, as Plaintiff represented at the hearing. If such footage
20 exists, Defendants are to make it available for Plaintiff to view by sending a request to the
21 warden. Defendants may file a motion for relief from this portion of the order if they have a good
22 faith contention it would impose an unreasonable burden to conduct a search for such footage.

23 Finally, at the conclusion of the hearing the court proposed that Plaintiff be referred to
24 Dr. Long, an orthopedist who has contracted with NDOC to provide medical evaluation and care
25 for inmates, for an evaluation of his complaints of back and knee pain and to render an opinion
26 as to whether an ambulatory aid such as a cane or wheelchair (as Plaintiff has requested) is
27 medically necessary. Dr. Koehn represented to the court that Dr. Long holds a monthly clinic at
28 NDOC's Regional Medical Facility (RMF) and that there is a weekly bus that takes inmates from

1. NDOC's various institutions to the RMF for medical care. Plaintiff agreed to this proposal and recognized that Dr. Long's evaluation results may be used as evidence in this case, whether they are in his favor or adverse to his claims. The Deputy Attorney General Representing Defendants stated that Defendants felt another examination was unnecessary, but nonetheless agreed to refer Plaintiff to Dr. Long. As such, Defendants are directed to transport Plaintiff to the RMF for Dr. Long's next-scheduled monthly clinic. Defendants shall then provide the results of the examination to the court within two weeks of the date the examination takes place. Plaintiff shall be permitted to view the examination results by sending a request to the warden. The court will then issue a report and recommendation on Plaintiff's motion.

**IT IS SO ORDERED.**

**July 29 , 2014**

**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**