UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | 3:12-cv-00538-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| A. NGUYEN, et al., | ) | **(re: Doc. # 68)** |
| Defendants. | ) | |

Before the court is Plaintiff's "Ex Parte Motion 'Motion to Alter or Amend The Judgment.'" (Doc. # 68.)[1]  Defendants have opposed. (Doc. # 70.) No reply memorandum has been submitted.

Plaintiff, who is currently incarcerated a Ely State Prison, has sued several High Desert State Prison (HDSP) and Ely State Prison (ESP) personnel, alleging violations of his First, Eighth and Fourteenth Amendment rights. Now at ESP, Plaintiff alleges Defendants Baker, Koehn and Rivos have refused to allow Plaintiff to use a walking cane; without it Plaintiff contends he falls repeatedly and has injured his knee. Without a cane, he states he cannot exercise at all.  He is unable to shower and has been forced to "wash" with toilet water in his cell. The court's screening order concluded that Plaintiff states colorable Eighth Amendment conditions of confinement claims against Baker, Koehn and Rivos. (Doc. # 6 at 5.)

Plaintiff has filed a motion for preliminary injunction wherein he seeks an order of the court requiring Defendants to provide him an ambulatory aid, such as a cane or wheelchair. (Doc. # 41.) Defendants opposed Plaintiff's motion (Doc. # 44) and Plaintiff replied (Doc. # 45). Plaintiff requested the court to conduct a hearing on his motion for preliminary injunction, which the court granted. (Doc. # 52.) A hearing on Plaintiff's motion for preliminary injunction was held on July 28,2014. (Doc. # 61.)

---

[1] Refers to court's docket number.

1    The court entered an order with respect to several issues pertaining to Plaintiff's motion for
2    preliminary injunction. (Doc. # 59.) Although Plaintiff has styled his filing as a "Motion to Alter or
3    Amend the Judgment" (Doc. # 68; emphasis added), no "judgment" has been entered. The court
4    presumes Plaintiff's motion pertains to this court's July 29, 2014 Order, Doc. # 59.  The court therefore
5    treats Plaintiff's motion as a motion for reconsideration, not as a motion to alter or amend the judgment.

6    It appears that Plaintiff is objecting to this court's order that the Defendants were directed to
7    coordinate a medical examination of Plaintiff by Dr. Long, an orthopedist who has contracted with
8    Nevada Department of Corrections (NDOC) to provide medical evaluation and care for inmates. (Doc.
9    # 68.)  The court requested NDOC to have Dr. Long complete an evaluation of Plaintiff's complaints of
10   back and knee pain and render an opinion whether an ambulatory aid such as a cane or a wheel chair (as
11   Plaintiff has requested) is medically necessary. (Doc. # 59.) The court was advised that Dr. Long
12   conducts monthly clinics at NDOC's Regional Medical Facility (RMF) at Northern Nevada Correctional
13   Center (NNCC). Although Defendants' counsel felt another examination was unnecessary, the
14   Defendants agreed to transport Plaintiff to the RMF for Dr. Long's next-scheduled monthly clinic.
15   Defendant were then to provide the results of the examination. Plaintiff was advised at the July 28, 2014
16   hearing that Dr. Long's evaluation results may be used as evidence in this case, either favorable or
17   adverse to Plaintiff's claims. Plaintiff was further informed the court would also possibly utilize the
18   medical examination relative to its consideration of Plaintiff's motion for preliminary injunction (Doc
19   # 41) regarding his insistence he be provided an ambulatory aid. Plaintiff agreed to proceed with the
20   examination.

21   Plaintiff's motion makes three arguments why the court should "alter or amend" its order. First,
22   he states he does not want to burden the NDOC with the costs of transporting him to NNCC for an
23   examination. Second, he questions the impartiality of the orthopedist who will be conducting the
24   examination of Plaintiff, orthopedic surgeon Long. Third, he seems to question the necessity of the
25   examination.

26   Plaintiff's arguments are now moot because the examination of Plaintiff has already been
27   completed. As reflected in Defendants' Notice of Medical Exam, Plaintiff has already been transported
28   to NNCC for a medical Examination. (Doc. # 71, 9/4/14.)  Plaintiff was examined by Joseph Wells,

M.D., on September 3, 2014. A report of Dr. Walls has been submitted. (*Id.* at 2; Doc. 71-1.) Therefore, Plaintiff's objections are moot and Plaintiff's motion (Doc. # 68) is **DENIED AS MOOT.**

The court **VACATES** the hearing previously scheduled for Monday, September 15, 2014.[2]

IT IS SO ORDERED.

DATED:  September 11, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for Defendants are directed to expedite delivery of this order to Plaintiff.