UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>A. NGUYEN, et al.,<br>　　　　　　　　　　Defendants. | Case No. 3:12-cv-00538-MMD-WGC<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

　　　　Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 92) ("R&R") relating to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, or in the Alternative, Motion to Enforce Settlement Agreement ("Motion") (dkt .no. 28).  Defendant Cole Morrow filed a joinder to the motion (dkt. no. 35) and the court granted defense counsel's oral motion for defendant Eric Burson to join in the motion.  (Dkt. no. 38.)  No objection to the R&R has been filed.

　　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a

magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 92) is accepted and adopted in its entirety. Defendants' Motion (dkt. no. 28) is granted in part and denied in part. The Motion is denied as to the following claims:

(1) Eighth Amendment conditions of confinement claim against defendants Renee Baker, Dr. Koehn and Dr. Rivas;

(2) Eighth Amendment excessive force claim against G. Holliday;

(3) First Amendment retaliation claim against Holliday;

(4) Fourteenth Amendment equal protection claim against Holliday;

(5) Eighth Amendment deliberate indifference to serious medical needs claim against Holliday;

(6) Eighth Amendment deliberate indifference to serious medical needs claim against defendants Baker, Dr. Koehn and Dr. Rivas;

///

        (7)    Supervisory liability claims against defendants Jennifer Nash, Isidro Baca, John Keast and G. Carpenter that are predicated on the alleged civil rights violations committed by Holliday, Baker, Dr. Koehn and Dr. Rivas; and

        (8)    Eighth Amendment conditions of confinement claim against Baker, Dr. Koehn and Dr. Rivas, including the claim that Plaintiff was forced to use toilet water to bathe (since the Court rejects Defendants' argument Plaintiff failed to exhaust his administrative remedies with respect to this claim based on Defendants' failure to provide admissible evidence to support their argument).

The Motion is granted as to the following claims which are dismissed with prejudice:

        (1)    Eighth Amendment excessive force claim against defendant A. Nguyen;

        (2)    First Amendment retaliation claim against Nguyen;

        (3)    Fourteenth Amendment equal protection claim against Nguyen;

        (4)    Supervisory liability claims against defendants Nash, Baca, Keast and Carpenter that are predicated on the alleged excessive force, retaliation and equal protection violations by Nguyen; and

        (5)    Fourteenth Amendment due process claim against defendants Dwight Neven, Cole Morrow, Bean and Burson.

The Clerk is instructed to enter judgment in favor of defendants Nguyen, Neven, Morrow, Bean and Burson.

DATED THIS 27th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE