UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>A. NGUYEN, et. al.,<br><br>    Defendants. | 3:12-cv-00538-MMD-WGC<br><br>**ORDER**<br><br>Re: Doc. # 107 |

Before the court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 107)[1] and proposed First Amended Complaint (Doc. # 107-1). Defendants filed a response (Doc. # 108) and Plaintiff filed a reply (Doc. # 111).

## I. BACKGROUND

In Counts I, II, and IV of his original complaint, Plaintiff alleged that an officer told him to file a grievance because he had not received his Halal/Kosher meal. Officer Nguyen frequently called Plaintiff, who is Muslim, "terrorist," and told him he would "kick [Plaintiff's] ass," and that a bomb should be dropped on Muslims. As Plaintiff walked over to get a grievance form, Nguyen asked Plaintiff where he was going, and Plaintiff told him he was going to get a grievance form. Nguyen looked at the kuffi Plaintiff was wearing and told him, "let's go terrorist." When Plaintiff advanced towards the grievance forms, Nguyen suddenly violently struck plaintiff on his upper back/shoulder, grabbed his left arm and shoved it behind and up his back and tried to ram him into a concrete wall. Nguyen then started punching Plaintiff repeatedly. Plaintiff alleged that Nguyen targeted him because he was a Muslim and acted in retaliation for Plaintiff attempting to file a grievance. Plaintiff contends he freed himself and ran onto the yard and laid face-down on the ground, when four Doe officers approached him and

---

[1] Refers to court's docket number.

repeatedly shoved their knees into Plaintiff's back. He contends he was beaten, slammed on the ground and dragged for fifteen minutes and was slammed into a medical cart. Defendant Holliday yelled: "They should have killed you! Next time you get a grievance I'm gonna kill yo ass!"

Plaintiff was transported to medical. Nguyen came to medical later and told him, "I told you I was gonna get you." Later, Holliday brought him back to his cell, and violently struck him two or three times in the right jaw, causing him to fall, and saying: "No! I bet yo ass won't file another grievance." Plaintiff's mouth was full of blood, he was dizzy and his jaw was swollen and bruised for two to three weeks. He contends Holliday targeted him because his is Muslim and retaliated against him for attempting to file a grievance. He avers that a Doe officer did not intervene when Holliday attacked Plaintiff and neither allowed him to seek medical attention. Plaintiff contends he sustained three lost teeth as well as neck, shoulder and back injuries from these attacks, along with post-traumatic stress disorder. Defendants Nash, Baca, Keast and Carpenter denied his grievances regarding the incident. He contends that at Ely State Prison (ESP), Baker, Dr. Koehn and Dr. Rivas have refused to allow him a walking cane, causing him to fall repeatedly and injure his knee, he cannot exercise, he has been unable to shower and has been forced to wash with toilet water in his cell.

Based on these allegations, Plaintiff was allowed to proceed with the following claims: (1) an Eighth Amendment conditions of confinement claim against Baker, Dr. Koehn and Dr. Rivas; (2) Eighth Amendment excessive force claims against Nguyen and Holliday; (3) Eighth Amendment deliberate indifference to serious medical needs claims against Holliday, Baker, Dr. Koehn and Dr. Rivas; (4) Eighth Amendment supervisory liability claims against Nash, Baca, Keast and Carpenter; (5) retaliation claims against Nguyen and Holliday; and (6) Fourteenth Amendment equal protection claims against Nguyen and Holliday. (Screening Order, Doc. # 6 at 3-11.)

In Counts III and V of the original complaint, Plaintiff alleged that Nguyen filed a notice of charges against him about the incident, and defendants Neven, Morrow, Bean and Burson conspired to find him guilty even though they admitted he was innocent, and retaliated against

him for filing other civil rights lawsuits. Thereafter, Morrow held a classification hearing and determined Plaintiff was not at fault and ordered him released from disciplinary segregation, but three days later Bean informed Plaintiff that he, Morrow, Burson and Neven had met and determined they would not dismiss the notice of charges because Plaintiff would use that as evidence in a lawsuit. Based on these allegations, Plaintiff was allowed to proceed with Fourteenth Amendment due process claims against Neven, Morrow, Bean and Burson. (Doc. # 6 at 11-13.)

Defendants Cox, Byrne and Bannister were dismissed from the action as Plaintiff failed to set forth any allegations against them. (Doc. # 6 at 13.)

Defendants filed a motion to dismiss. Following this motion, the following claims remain: (1) the Eighth Amendment conditions of confinement claim regarding not being able to exercise or shower, and being forced to bathe in toilet water at ESP against Baker, Dr. Koehn and Dr. Rivas; (2) the Eighth Amendment excessive force claim against Holliday; (3) the retaliation claim against Holliday; (4) the equal protection claim against Holliday; (5) the Eighth Amendment deliberate indifference to medical needs claim against Holliday; (6) the Eighth Amendment deliberate indifference claim against Baker, Dr. Koehn and Dr. Rivas; (7) the supervisory liability claims against Nash, Baca, Keast and Carpenter, to the extent based on the above-referenced allegations; and (8) the Fourteenth Amendment due process claims against Neven, Morrow, Bean and Burson. (*See* Docs. # 92, # 95.)

The court entered a scheduling order on April 22, 2015, requiring an amendment to a pleading or the joinder of parties to be completed by June 21, 2015. (Doc. # 100.)

On June 26, 2015, Plaintiff filed a first amended complaint (itself dated June 6, 2015) without an accompanying motion for leave to amend. (Doc. # 105.) The court dismissed the first amended complaint without prejudice for failure to comply with Local Rule 15-1. (Doc. # 106.)

On July 24, 2015, Plaintiff filed the instant motion for leave to amend (Doc. # 107) and proposed first amended complaint (Doc. # 107-1).

///

///

## II. SUMMARY OF BRIEFING

In his motion, Plaintiff points out that his original complaint described three events where he was assaulted on January 1, 2012: (a) one involving Officer Nguyen; (b) one involving the Doe officers; and (c) one involving Officer Holliday (and the Doe defendant who allegedly observed the assault and failed to intervene). (Doc. # 107 at 1.) He acknowledges that his excessive force claim against Officer Nguyen has been dismissed; but Plaintiff now knows the identity of the Doe officers involved in the second (Collett, Hagena and Osbun) and third (Officer Sevier) alleged assault events. (*Id.*) He notes that his motions to conduct early discovery to ascertain the identities of these individuals were denied, and he only obtained their names when he was subsequently allowed to conduct discovery. (*Id.*)

Defendants argue that the deadline to amend the complaint or add parties was June 21, 2015. (Doc. # 108.) Plaintiff filed an amended complaint without an accompanying motion on June 26, 2015, and then filed this motion with the new proposed first amended complaint on July 24, 2015, and Plaintiff failed to seek enlargement of the deadline to file the motion. Defendants contend that permitting an amendment at this time would prejudice them and would create undue delay, especially considering the August 19, 2015 dispositive motions deadline.[2] Defendants also assert that in their January 26, 2012 response to a motion for preliminary injunction filed in another case, Plaintiff was provided with an "Offense in Custody Report" which noted Officer Collett's involvement in the January 1, 2012 incident. (Doc. # 108 at 3, citing Case 2:11-cv-00484-JCM-CWH, Doc. # 16-14.) In addition, on May of 2015, Plaintiff propounded interrogatories asking for the names of the officers who restrained him, and those responses were served on June 1, 2015, identifying Officers Collett, Hagena, Osbun and Sevier. (Doc. # 108 at 3.) Plaintiff was provided with the incident report again on June 1, 2015. (*Id.*)

Defendants also point out that Plaintiff's proposed amended complaint names dismissed defendants Nguyen and Cox. Plaintiff also includes additional allegations against Morrow, against whom the court only allowed Plaintiff to proceed with a single due process claim.

---

[2] The court has since stayed the dispositive motion filing deadline while the instant motion for leave to amend is pending. (Doc. # 113.)

- 4 -

1  Defendants contend that permitting Plaintiff to amend at this point would result in further delays
2  required in locating the new defendants and investigating their defense. (Doc. # 108 at 4.)
3       In his reply brief, Plaintiff asserts that he tried to conduct discovery prior to the filing of
4  dispositive motions, but his requests to do so were denied, and his amendment was only five
5  days late. (Doc. # 111 at 1.) He attributes his tardiness to the HDSP mail scale being out of
6  batteries which resulted in his mail not being weighed and sent on time. (*Id.*) He further contends
7  that any delays in the case are a result of defendants opposing his motion to conduct discovery in
8  the first place. (*Id.*) He asserts that good cause exists to allow the amendment because it would
9  result in his case being heard on the merits. (*Id.*) With respect to defendant Cox, Plaintiff
10 contends that he was not dismissed with prejudice.

## III. DISCUSSION

12 "A party may amend its pleading once as a matter of course within: (A) 21 days after
13 serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after
14 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
15 whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing
16 party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here,
17 Plaintiff was required to seek leave to amend his complaint.
18      While the court should give leave to amend freely when justice requires, leave need not
19 be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3)
20 produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist*
21 *West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).
22      Where, as here, a motion for leave to amend is filed after entry of a Rule 16 scheduling
23 order, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15."
24 *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the
25 movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*.
26 (emphasis original). Federal Rule of Civil Procedure Rule 16(b)(4) expressly states that "[a]
27 schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.
28 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of

1  litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be
2  disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano*
3  *Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied.*, 132 S.Ct. 1566 (2012). "A
4  court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the
5  amendment under ... Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th
6  Cir. 1992) (citation and internal quotation marks omitted) (emphasis added). "Unlike Rule
7  15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose
8  an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard
9  primarily considers the diligence of the party seeking amendment." *Id.* In other words, "'[t]he
10 focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654
11 F.3d at 984 (quoting *Johnson*, 975 F.2d at 609). "[C]arelessness is not compatible with a finding
12 of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.
13         Here, the deadline for filing an amended pleading and for adding parties was set by the
14 scheduling order as June 21, 2015. (Doc. # 100.) When Plaintiff originally filed his amended
15 complaint, without the accompanying motion for leave to amend, it was dated June 6, 2015, but
16 was not filed with the court until June 26, 2015. (Doc. # 105.) As stated, *supra*, the court
17 dismissed this amended complaint because it was not accompanied by a motion for leave to
18 amend. (Doc. # 106.) Plaintiff then filed the motion for leave to amend and proposed amended
19 complaint on July 24, 2015. (Doc. # 107, Doc. # 107-1.) The motion did not explain the
20 untimeliness of the amended complaint. Nevertheless, Plaintiff's reply brief asserts that the
21 reason the document was late when he originally attempted to file it was due to issues with the
22 mailing equipment at the prison, which were beyond Plaintiff's control. While Plaintiff did not
23 submit a declaration to that effect, his statement is credible given the date of his original
24 amended complaint (June 6, 2015) and the filing date of the amended complaint (June 26, 2015).
25 Plaintiff should have explained these circumstances in his initial filing and included a motion for
26 leave to amend and extend the scheduling order deadline; however, the court will consider his
27 explanation, while tardy itself, as good cause for extending the deadline to add parties or file an
28 amended complaint.

1    Defendants argue that Plaintiff should have filed this motion before the June 21, 2015
2 deadline because he was in possession of information justifying the amendment well before this
3 point. First, they refer to Doc. # 16-14 in case 2:11-cv-00484-JCM-CWH, arguing that this put
4 Plaintiff on notice of Officer Collett's involvement in the January 1, 2012 incident. This
5 document is a notice of charges from the January 1, 2012 incident. The "report of violation"
6 section of the notice of charges gives Officer Nguyen's description of the January 1, 2012 event,
7 and states that "several officers" came to assist him in restraining Plaintiff. This document does
8 not refer to Officer Collett as Defendants suggest, and does not provide any of the other names
9 Plaintiff now seeks to substitute into this case for the Doe defendants.

10   Plaintiff is correct that the court denied his request to initiate discovery prior to the
11 disposition of Defendants' motion to dismiss, after it solicited briefing and held hearings and
12 determined he did not need to conduct discovery to respond to that motion. (*See* Docs. # 30,
13 # 37, # 38, # 39, # 40, # 49.) Defendants assert that they provided the identity of these
14 individuals with their discovery responses, which were served on June 1, 2015. This is
15 consistent, however, with the date of Plaintiff's initial first amended complaint (June 6, 2015),
16 which does not show Plaintiff was being dilatory in seeking amendment after he received this
17 information.

18   Defendants' argument that they will be prejudiced if Plaintiff is allowed to amend to add
19 these parties at this juncture is not well taken, particularly in light of the fact that these incidents
20 occurred on the same day and it appears that Defendants have been in possession of
21 documentation concerning the incidents for some time.

22   For these reasons, the court will allow Plaintiff leave to amend his complaint.
23 Specifically, Plaintiff is granted leave to amend his complaint to substitute defendants Collett,
24 Hagena and Osbun for the Doe defendants previously named with respect to the second alleged
25 Eighth Amendment excessive force incident on January 1, 2012. He is also permitted to amend
26 his complaint to substitute defendant Sevier in for the Doe defendant previously named as having
27 witnessed defendant Holliday beat Plaintiff without intervening (Eighth Amendment failure to
28 protect) and in failing to provide Plaintiff with medical care after this event (Eighth Amendment

1  deliberate indifference to serious medical need). The court will now address Defendants'
2  contentions that the first amended complaint improperly includes defendants that were
3  previously dismissed and allegations different from those allowed to proceed on screening of the
4  original complaint.

5  Defendants are correct that the caption erroneously references defendant Nguyen and
6  James Cox, who were dismissed from this action. (Doc. # 107-1.) They will remain dismissed
7  from this action. To the extent Plaintiff asserts new allegations against Cox, he would have been
8  in possession of this information long ago, and was dilatory in seeking to add these allegations as
9  to Cox. Therefore, he is not permitted to proceed with new claims against Cox.

10  Nor is Plaintiff permitted to amend his allegations as to defendant Morrow as he would
11  have been in possession of the information giving rise to the new allegations contained in the
12  amended complaint (Doc. # 107-1 at 8, 9) long ago. Therefore, Plaintiff may only proceed with
13  the Fourteenth Amendment due process claim against Morrow per the initial screening order.

14  In sum, Plaintiff may proceed with the claims identified in the screening order that
15  survived Defendants motion to dismiss, as set forth above. He is granted leave to amend to assert
16  an Eighth Amendment excessive force claim against Collett, Hagena and Osbun, as well as
17  Eighth Amendment failure to protect and deliberate indifference to serious medical care claims
18  against Sevier. Defendants will not be prejudiced by this amendment as these allegations were
19  contained within the original complaint all along and the incidents that are the subject of these
20  allegations were well known to Defendants.

## IV. CONCLUSION

22  Plaintiff's motion for leave to amend (Doc. # 107) is **GRANTED** as set forth in this
23  Order. The Clerk is directed to **FILE** the first amended complaint (Doc. # 107-1) and it will
24  proceed as noted herein. The Attorney General's Office should file a notice within fourteen days
25  of the date of this order indicating whether they will accept service on behalf of Collet, Hagena,
26  Osbun, and Servier and, if not, file the last known addresses under seal for those defendants for
27  whom they will not accept service.

28

1    If service cannot be accepted for any of these defendants, Plaintiff shall file a motion
within fourteen days of the date the Attorney General's Office files a document indicating they
do not accept service on behalf of a particular defendant, identifying the unserved defendant(s),
and requesting issuance of a summons for the specified defendant(s).

If the Attorney General's Office accepts service of process for any named defendant, they
shall file and serve an answer or other response within **twenty-one** days of the date it files its
notice accepting service on behalf of the above-referenced defendants.

**IT IS SO ORDERED**.

Dated: August 25, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE