# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | 3:12-cv-00538-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 7, 2015 |
| | ) | |
| A. NGUYEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>FTR</u>

COUNSEL FOR PLAINTIFF: <u>Lausteveion Johnson, In pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANTS:  <u>Garrit S. Pruyt</u>

**MINUTES OF PROCEEDINGS: Status Conference/Motion Hearing**

1:39 p.m.  Court convenes.

The court holds today's hearing to address Plaintiff's motion for an extension of his legal copy work (ECF No. 109) and to establish new deadlines in view of the recent amended complaint being filed (ECF No. 116).

The court and parties first discuss which Defendants are active parties in this litigation subsequent to the court's order adopting and accepting Magistrate Judge Cobb's report and recommendation (ECF No. 95) and subsequent to the filing of the amended complaint (ECF No. 116).

After reviewing the docket and Defendants' notice of acceptance of service (ECF No. 117), the following Defendants are active parties to this litigation: Isidro Baca, Renee Baker, Gloria Carpenter, Gerald Collette, Gregory Holliday, John Keast, Michael Koehn, Cole Morrow, Jennifer Nash and Evander Rivas.  The Attorney General's Office ("AG's Office") accepted service on behalf of defendant Collette but did not accept service for defendant Officer William Sevier as he (Sevier) is deceased (ECF No. 117).  Furthermore, the two Defendants that were named in the amended complaint but have yet to be served are Sam Osbun and Zeke Hageman.  DAG Pruyt indicates the AG's Office did not accept service as to these two

Minutes of Proceedings
3:12-cv-00538-MMD-WGC
October 7, 2015

Defendants because they are former employees of the Nevada Department of Corrections ("NDOC"). However, the AG's Office filed the last known address for Osbun and Hageman (ECF No. 119) as directed to do so in the court's order ECF No. 115.

Plaintiff inquires about the status of former defendants Greg Cox and Dwight Neven. The court indicates all claims against defendant Greg Cox were dismissed at the outset of this case when the screening order was entered (ECF No. 6). As to Dwight Neven, judgment (ECF No. 96) was entered in favor of defendant Neven after the court entered its order adopting and accepting Magistrate Judge Cobb's report and recommendation (ECF No. 95).

The court explains the deadline for Plaintiff to request the U.S. Marshal to serve the added Defendants for whom the AG's Office did not accept service (Osbun and Hageman) has expired. The court refers Plaintiff to its order ECF No. 115 which states, "If service cannot be accepted for any of these defendants, Plaintiff shall file a motion within fourteen days of the date of the Attorney General's Office files a document indicating they do not accept service on behalf of a particular Defendant, identifying the unserved Defendant(s), and requesting issuance of a summons for the specified Defendant(s)."

Plaintiff failed to file such a request; however, the court suggests Mr. Johnson might proceed to request the summons be issued explaining why it was not done once the Defendants filed their notice not accepting service for Osbun and Hageman (ECF No. 117) and the notice of under seal submission of last known address of defendant Osbun and Hageman (ECF No. 119). The court indicated it was not predisposed to granting such a motion at this late date, noting this case is already more than three (3) years old.

In light of the current status of the case, the court determines the only discovery necessary to conduct at this time is as to newly added defendant Gerold Collette. Plaintiff requests sixty days to complete discovery. The court agrees sixty days is sufficient time to complete discovery as to Collette. Therefore, the following deadlines are established as to discovery specifically tailored to defendant Collette:

Discovery Cut-Off: **Friday, December 4, 2015**;

Dispositive Motion(s): **Friday, January 9, 2016**;

Proposed Joint Pretrial Order: **Friday, February 12, 2016**, unless, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

Minutes of Proceedings
3:12-cv-00538-MMD-WGC
October 7, 2015

The court next addresses Plaintiff's motion for an extension of legal copy work (ECF No. 109).  DAG Pruyt argues Plaintiff has several opportunities to undertake employment at High Desert State Prison ("HDSP") that would provide him monetary means to receive additional copy work for litigation purposes.  Mr. Johnson explains his attempts to secure employment at HDSP have been unsuccessful.  Mr. Johnson indicates the additional copy work he is seeking is necessary to adequately file and respond to upcoming dispositive motions in this case.

IT IS ORDERED, Plaintiff's motion for an extension of legal copy work is **GRANTED in part.**  Plaintiff shall receive an additional $25 for copy work.  Furthermore, the court requests that Mr. Pruyt contact caseworker Gabriella Garcia so that she can discuss with Plaintiff potential job opportunities for him to apply for at HDSP.  Plaintiff is advised that if he fails to take advantage of any NDOC job opportunities for which he might be qualified and eligible that the court may not grant any further copy work extensions.

The court and parties next address whether a settlement conference would be beneficial in this matter.  The parties agree a settlement conference would be beneficial and requests that a settlement conference be scheduled.  The court directs DAG Pruyt to coordinate with the courtroom deputy for potential dates to schedule the settlement conference.  A separate order scheduling the settlement conference will be entered once a date is secured.

The court notes, depending on when the settlement conference is set, the court may extend the current deadlines it established today to accommodate the scheduling of the settlement conference.  However, at this time, the parties should be mindful of the dates and fully comply with them unless the court orders otherwise.

2:15 p.m.  Court adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
        Katie Lynn Ogden, Deputy Clerk