UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>A. NGUYEN, et. al.,<br><br>Defendants. | Case No. 3:12-cv-00538-MMD-WGC<br><br>**ORDER** |

Before the court are two motions filed by Defendants to seal medical records filed in connection with their motion for summary judgment. (Electronic Case Filing (ECF) Nos. 130, 141.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." Id. (internal quotation marks and citation omitted).

1    "A party seeking to seal a judicial record then bears the burden of overcoming this strong
2    presumption by meeting the 'compelling reasons' standard," which means the party must "
3    articulate[] compelling reasons supported by specific factual findings ... that outweigh the
4    general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at
5    1178 (internal quotation marks and citations omitted). "In general, 'compelling reasons'
6    sufficient to outweigh the public's interest in disclosure and justify sealing court records exist
7    when such 'court files might have become a vehicle for improper purposes,' such as the use of
8    records to gratify private spite, promote public scandal, circulate libelous statements, or release
9    trade secrets." *Kamakana*, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598).

10   The Ninth Circuit has applied the lesser "good cause" showing from Federal Rule of
11   Civil Procedure 26(c) in some circumstances, such as when a party seeks to seal materials filed
12   in connection with a discovery motion. *See id*. at 1179-80. Federal Rule of Civil Procedure 26(c)
13   governs protective orders issued in the discovery process and provides: "The court may, for good
14   cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
15   undue burden or expense...." Fed. R. Civ. P. 26(c).

16   Many courts within the Ninth Circuit, including this one, previously determined whether
17   to apply the "compelling reasons" standard or the lesser "good cause" standard by looking at
18   whether a motion was dispositive or non-dispositive. *See Kamakana*, 447 F.3d at 1179; see also
19   *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

20   The Ninth Circuit recently clarified, however, that the key in determining which standard
21   to apply is not whether the proposed sealed documents accompany a dispositive or non-
22   dispositive motion. *Center for Auto Safety*, 809 F.3d at 1101. "Rather, public access will turn on
23   whether the motion is more than tangentially related to the merits of a case." *Id.*

24   Here, Defendants seek to seal documents in connection with a motion for summary
25   judgment, which clearly relates to the merits of the case. Therefore, the court must apply the
26   "compelling reasons" standard to determine whether or not the public should have access to the
27   Plaintiff's medical records.
28

      This court, and others within the Ninth Circuit, have recognized on various occasions that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

      Here, the documents Defendants ask to seal contain Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing the records. Therefore, Defendants' motions (ECF Nos. 130, 141) are **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 18, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE