1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                               DISTRICT OF NEVADA

10                                      * * *

11   LAUSTEVEION JOHNSON,              | Case No. 3:12-cv-00538-MMD-WGC

12                          Plaintiff, | Member Case: 3:14-cv-213-MMD-WGC

       v.                             |
13                                     | ORDER ADOPTING AND ACCEPTING
     A. NGUYEN, et al.,                | REPORT AND RECOMMENDATION OF
14                         Defendants. | MAGISTRATE JUDGE
                                       | WILLIAM G. COBB
15

16   **I.    SUMMARY**

17        The Court consolidated a later filed action, case no. 3:14-cv-213-RCJ-WGC

18   ("Member Case"), into this case. (ECF No. 125.) Before consolidation, the parties filed

19   cross-motions for summary judgment (Member Case, ECF Nos. 56, 59.) On January 20,

20   2016, the Magistrate Judge issued a Report and Recommendation ("January R&R")

21   relating to these motions. (ECF No. 138.) Defendants objected to the January R&R (ECF

22   No. 144); and Plaintiff responded (ECF No. 145).

23        In this case, Defendants have also filed a motion for summary judgment. (ECF

24   No. 131.) On July 18, 2016, the Magistrate Judge issued a Report and Recommendation

25   ("July R&R") recommending that the Court grant in part and deny in part Defendants'

26   motion. (ECF No. 146.) Defendants objected to the July R&R (ECF No. 149); and

27   Plaintiff responded (ECF No. 150).

28        For the reasons discussed herein, Defendants' objections are overruled.

1  **II.    BACKGROUND**

2          Plaintiff is an inmate in the custody of the Nevada Department of Corrections

3  ("NDOC"). The events giving rise to this action occurred while Plaintiff was house in Ely

4  State Prison ("ESP") and High Desert State Prison ("HDSP"). The background facts

5  relevant to the Member Case and this case are recited in the January R&R (ECF No.

6  138 at 2-4) and the July R&R (ECF No. 146 at 4-5, 16-24), which the Court adopts.

7  **III.   LEGAL STANDARD**

8          **A.    Review of the Magistrate Judge's Recommendations**

9          This Court "may accept, reject, or modify, in whole or in part, the findings or

10 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

11 timely objects to a magistrate judge's report and recommendation, then the court is

12 required to "make a *de novo* determination of those portions of the [report and

13 recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

14 to object, however, the court is not required to conduct "any review at all . . . of any issue

15 that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

16 Indeed, the Ninth Circuit has recognized that a district court is not required to review a

17 magistrate judge's report and recommendation where no objections have been filed. *See*

18 *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

19 of review employed by the district court when reviewing a report and recommendation to

20 which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,

21 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the

22 view that district courts are not required to review "any issue that is not the subject of an

23 objection."). Thus, if there is no objection to a magistrate judge's recommendation, then

24 the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F.

25 Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to

26 which no objection was filed).

27 ///

28 ///

## B.    Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

1   (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position

2   will be insufficient." *Anderson*, 477 U.S. at 252.

3   **IV.   DISCUSSION**

4       **A.   January R&R**

5       The Magistrate Judge recommends that the Court deny Plaintiff's motion for

6   summary judgment. (ECF No. 138 at 33.) The Magistrate Jude also recommends that

7   the Court grant Defendants' motion for summary judgment, except with respect to (1) the

8   sexual abuse claim in count I as to Defendants Dr. Koehn and Baker; (2) the claim in

9   count I that Dr. Koehn was deliberately indifferent to Plaintiff's serious medical needs

10  when he refused to evaluate Plaintiff's complaints of knee and back injuries in April

11  2014; (3) the retaliation claim in count IV that Dr. Koehn allegedly threatened to and did

12  sexually abuse Plaintiff because of his complaints relating to his medical care. (*Id.* at 33-

13  34.) Plaintiff does not object to the Magistrate Judge's recommendations. Defendants

14  object to the Magistrate Judge's recommendation with respect to denial of their motion.

15  The Court adopts the parts of the Magistrate Judge's recommendations to which the

16  parties did not object. *See Reyna-Tapia*, 328 F.3d 1114. The Court will address

17  Defendant's objection to the recommendation to deny summary judgment on the two

18  claims in count I and the retaliation claim in count IV.

19          **1.   Sexual Abuse Claim in Count I**

20      The R&R recommends that both parties' motions for summary judgment be

21  denied because of the different factual allegations about the alleged incident of sexual

22  abuse that occurred on June 20, 2014. (ECF No. 138 at 12.) Defendants contend that

23  they offered evidence to show that the alleged sexual abuse did not occur — including

24  two correctional officers (Crounk and Mingo) who were in the room who claimed the

25  incident did not occur and the June 20 physical exam form (ECF No. 60-1 at 37) noted

26  that Plaintiff refused a genitalia exam and deferred a rectal and prostate exam — and no

27  rational trier of fact could find that it occurred. (EFC No. 144 at 4.) The Court disagrees.

28  ///

1   Plaintiff alleges that on June 20, when Dr. Koehn called him to a side medical
2   room he thought Dr. Koehn was going to have his hypertension checked, but Dr. Koehn
3   ordered Plaintiff to sit on an elevated table, spread his legs and close his eyes. (Member
4   Case, ECF No. 56 at 7, 11, 13, 271.) Dr. Koehn got in a lowered chair and pushed it
5   close to Plaintiff so that his head was between Plaintiff's knees and his eyes were level
6   with Plaintiff's "crotch." (*Id.*) Because Plaintiff had only his boxers on, his penis was
7   exposed to Dr. Koehn, who looked into Plaintiff's eyes and smiled. (*Id.*) Dr. Koehn asked
8   the correctional officer in the room to turn off the lights and the then "slowly and
9   sensually caressing [Plaintiff's] inner thighs for about 5 to 7 minutes" such that Plaintiff
10  "shamefully became aroused or visibly erect." (*Id.* at 271.) This June 20 incident was
11  preceded by Dr Koehn's alleged threat made on April 7 that if Plaintiff kept complaining
12  about falling, he would stick his index finger up Plaintiff's rectum. (*Id.*) Dr. Koehn denies
13  that he threatened Plaintiff or that he touched Plaintiff in a sexual manner with the lights
14  turned off in the exam room or any other location. (Member Case, ECF No. 59-2 at 3-4.)
15  Dr. Koehn did state that during the examination of Plaintiff, he performed tests to
16  measure leg strength and flexibility that require him "as a physician to touch Mr.
17  Johnson's leg and apply minimal opposing pressure to evaluate his strength." (*Id.* at 4-
18  5.)

19  Defendants point out that Plaintiff refused a genitalia exam and deferred a rectal
20  and prostate exam, but this fact is of no import to Plaintiff's claim. Plaintiff's allegations
21  involved sexual caressing of his inner thighs for 5 to 7 minutes (Member Case, ECF No.
22  56 at 271), and Dr. Koehn admits that he performed tests that involved touching
23  Plaintiff's legs to measure strength and flexibility, although he states he did so as a
24  physician. The disputed versions create a genuine material issue of fact. Viewing the
25  evidence and drawing all inferences in the light most favorable to Plaintiff, a rational trier
26  of fact could find Plaintiff's version to be more credible.

27  Defendants also object to the Magistrate Judge's recommendation to deny
28  summary judgment with respect to the claim against Baker, contending that Baker was

not aware of Dr. Koehn's threat of sexual assault against Plaintiff.[1] Defendants argue that the Magistrate Judge should not have considered the kites addressed to Baker in April 2014, May 2014, and early June 2014 that Plaintiff offered because they did not contain the date stamp to prove receipt by an NDOC staff member. (ECF No. 144 at 5.) However, Plaintiff offered these kites to support his claim that he notified Baker of Dr. Koehn's threat to sexually assault him and to seek her intervention to prevent Dr. Koehn from examining him. (Member Case, ECF No. 56 at 177, 185, 183.) Defendants do not offer evidence that NDOC's records do not contain these kites, but only take issue with the lack of a date stamp. Plaintiff has offered sufficient evidence to create a material issue of fact as to whether Baker was aware of Dr. Koehn's alleged threat.

### 2.    Dr. Koehn's Refusal to Evaluate Plaintiff's Complaints of Knee and Back Injuries

The Magistrate Judge found that because of conflicting factual versions of what transpired during Dr. Koehn's examination of Plaintiff in April 2014, a genuine issue of material fact exists on the issue of whether Dr. Koehn was deliberately indifferent to Plaintiff's complaints of back and knee pain. (ECF No. 138). Defendants argue that the Magistrate Judge focused on the wrong issue and the records show no deliberate indifference. (ECF No. 144.) However, the Magistrate Judge's finding is based on the competing versions of what transpired during Dr. Koehn's examination of Plaintiff. Plaintiff sent Dr. Koehn a kite on March 17, 2014, requesting to be seen because his knee and back were getting worse. (Member Case, ECF No. 56 at 161.) During the April 2014 examination, Dr. Koehn interjected when Plaintiff started to tell the nurse the reason he was limping was due to his back injury and two falls. (*Id.* at 7, 11, 269.)

---

[1]Defendants argue that summary judgment should be granted in favor of Baker for the same reason as against Dr. Koehn (ECF No. 144 at 5), but the Court has rejected this argument. Defendants also contend that the R&R conflated knowledge of the threat with knowledge of the alleged sexual assault. (*Id.* at 4-5.) However, the claim that survived screening against Baker is that she knew about Dr. Koehn's actions, but failed to prevent Dr. Koehn from examining Plaintiff in the future. (Member Case, ECF No. 10 at 7-8.)

According to Plaintiff, Dr.Koehn then threatened that if he kept complaining about his back and knees, he would stick his finger up Plaintiff's rectum. (*Id.*) Thus, based on Plaintiff's version of the fact, Dr. Koehn neither examined him nor treated him for his back and knee pain. According to Dr. Koehn, he evaluated Plaintiff's complaint of back and knee pain, but found no objective signs of injury. (Member Case, ECF No. 60-1 at 20.) Viewing the evidence in the light most favorable to Plaintiff, a rational trier of fact could find that Plaintiff was not treated for his back and knee injuries.

### 3.    Retaliation Claim in Count IV

The Magistrate Judge recommends denying summary judgment with respect to Plaintiff's claim that Dr. Koehn threatened to and did sexually abuse Plaintiff because of his complaint of his back and knee injuries and the need for a cane or wheelchair. (ECF No. 138 at 31.) Defendants object, arguing that Plaintiff cannot show that he engaged in a protected activity because there is no constitutional right to receive an ambulatory device, and pursuing medical treatment is not a protected right under the First Amendment. (ECF No. 144 at 7-8.)

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). The third element requires a showing that the "retaliated-against conduct is protected." *Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012.)

Defendants cite to *Romero v. Katavich*, No. 1:11-CV-0935-LJO-MJS, 2012 WL 484782, at *9 (E.D.Cal. Feb. 14, 2012) as persuasive authority that "pursuing medical treatment is not a protected right under the First Amendment." (ECF No. 144 at 7.) However, *Romero* is distinguishable and therefore not persuasive. *Romero* involved a screening order where the court found that what the plaintiff appeared to allege was one of the defendants threatened to keep the plaintiff longer if he tried to see a doctor.

1    *Romero*, 2012 WL 484782, at *9. The court then determined that the plaintiff's allegation

2    that he was pursuing medical treatment when he was allegedly threatened is not

3    protected activity to support a First Amendment retaliation claim. (*Id.)* The court went on

4    to explain what other elements were not satisfied and granted the plaintiff leave to

5    amend.

6         Here, Plaintiff's protected activity is not that he was trying to see a doctor as in

7    *Romero.* Plaintiff's claimed protect activity is his *complaint* to Dr. Koehn that he was not

8    getting treatment for his back and knee injuries and the need for a cane or wheelchair.

9    According to Plaintiff, Dr. Koehn tried to chill his speech by threatening to sexually

10   assault Plaintiff — and then following through with his threat. The Court thus agrees with

11   the Magistrate Judge's recommendation to deny summary judgment on this claim.

12         **B.    July R&R**

13         The July R&R addresses the status of the Plaintiff's claims and the parties who

14   were substituted in for the DOE defendants, as well as Defendants' motion for summary

15   judgment. (ECF No. 146.) The July R&R then recommends that the Court dismiss

16   certain claims with prejudice and grant Defendants' motion for summary judgment,

17   except with respect to the Eighth Amendment excessive force claims against Collette

18   and Holliday, the Eighth Amendment deliberate indifference to serious medical need

19   claim against Holliday and the retaliation claim against Holliday. (*Id.* at 27-28.) The

20   Magistrate Judge found that genuine issues of material fact preclude summary judgment

21   on these four claims. (*Id.* at 16-24.) Plaintiff did not object. Defendants objected to the

22   recommendation to deny summary judgment. The Court again adopts the parts of the

23   July R&R to which the parties did not object. *See Reyna-Tapia*, 328 F.3d 1114.

24         Defendants argue that the Magistrate Judge erred in finding that Plaintiff's version

25   of the encounter with Collette sufficient to create a genuine issue of material fact. (ECF

26   No. 149 at 4-6.) Plaintiff asserts that Collette came up and started kneeing him in the

27   lower back and then Plaintiff was dragged across the yard and slammed into a medical

28   cart, causing injuries to his back. (ECF No. 116 at 4-5; ECF No. 139 at 7, 8, 62-63, 66.)

Plaintiff further asserts that his encounter with Collette was not captured on NDOC's videos. (ECF No. 139 at 5, 60.) The Magistrate Judge correctly found that "[t]he videos do not show Plaintiff either getting on the ground on the yard or being taken to the ground." (ECF No. 146 at 20.) The events depicted on the videos support Plaintiff's claim that the videos do not show his interaction with Collette. Defendants reiterate that based primarily on the video footage of the entire incident — starting with Plaintiff's altercation with Nguyen and ending with Plaintiff being placed on the medical cart — no rational trier of fact could believe Plaintiff. However, the Court is required to construe the evidence in the light most favorable to Plaintiff. A rational trier of fact could believe Plaintiff and find that excessive force was used.

Defendants' main objection to the Magistrate Judge's finding that Plaintiff's own statement is sufficient to create a genuine issue of material fact is that Holliday was not present during the incident with Nguyen and Collette for Holliday to know that Plaintiff had requested a grievance and would have no reason to allegedly hit Plaintiff in the jaw or deny him medical care. (ECF No. 149 at 6-7.) The Court agrees with the Magistrate Judge that Plaintiff's sworn statement detailing his interactions with Holliday after Holliday escorted him from the infirmary is sufficient to create a genuine issue of material fact.

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 138) is accepted and adopted in its entirety. It is ordered that the Plaintiff's motion for summary judgment (Member Case, ECF No. 56) is denied. It is further ordered that Defendants' motion for summary judgment (Member Case, ECF No. 59) is granted in part and denied in part. Defendants' motion is granted as to the following claims:

(1) the sexual abuse claim in count I as to Cox;

(2) the Eighth Amendment deliberate indifference to serious medical needs claims in count I against Cox, Baker, Spiers and Little;

1   (3) the equal protection claim in count III; and

2   (4) the retaliation claim in count IV as to defendants Baker and Cox, and as to Dr.

3   Koehn insofar as it is predicated on the allegation that Plaintiff was retaliated against in

4   the denial of a cane or wheelchair.

5   Defendants' motion is denied as to the following claims:

6   (1) the sexual abuse claim in count I as to defendants Dr. Koehn and Baker;

7   (2) Plaintiff's allegations in count I that Dr. Koehn was deliberately indifferent to

8   his serious medical needs when he refused to evaluate Plaintiff's complaints of knee and

9   back injuries in April 2014; and

10  (3) the retaliation claim in count IV as to Dr. Koehn insofar as it is predicated on

11  the allegation that Dr. Koehn threatened to and did sexually abuse Plaintiff because of

12  his complaints concerning his medical care.

13  It is further ordered, adjudged and decreed that the Report and Recommendation

14  of Magistrate Judge William G. Cobb (ECF Nos. 146) is accepted and adopted in its

15  entirety. Defendants' motion for summary judgment (ECF No. 131) is granted in part and

16  denied in part. It is ordered that Plaintiff's claims are disposed of as follows:

17  (1) Defendants Osbun and Hageman are dismissed without prejudice pursuant to

18  Federal Rule of Civil Procedure 4(m);

19  (2) Defendant Sevier is dismissed with prejudice pursuant to Federal Rule of Civil

20  Procedure 25(a)(1);

21  (3) Defendant Evander Rivas is dismissed with prejudice, as he is not the correct

22  defendant;

23  (4) The Eighth Amendment claim that Neven and Morrow exacerbated Plaintiff's

24  mental health condition is dismissed with prejudice;

25  (5) The Eighth Amendment claim that Baker, Byrne, Neven, Nash and Baca

26  refused Plaintiff's request to be sent to another prison is dismissed with prejudice;

27  ///

28  ///

1   (6) Defendants Baker, Nash, Carpenter, Neven, Baca, Cox and Morrow are

2   granted summary judgment as to Plaintiff's Eighth Amendment claim based on the

3   allegation that they denied his requests for one-on-one counseling sessions;

4   (7) Defendants' motion is denied as to the Eighth Amendment excessive force

5   claim against Collette;

6   (8) Defendants' motion is denied as to the Eighth Amendment excessive force

7   claim against Holliday;

8   (9) Defendants' motion is denied as to the Eighth Amendment deliberate

9   indifference to serious medical need claim against Holliday;

10   (10) Defendants' motion is denied as to the retaliation claim against Holliday;

11   (11) Defendants' motion is granted as to the Eighth Amendment deliberate

12   indifference to serious medical needs and conditions of confinement claims against

13   Baker, Dr. Koehn and Dr. Rivas; and

14   (12) Defendants' motion is granted as to the supervisory liability claims against

15   Nash, Baca, Neven, Keast, Cox and Carpenter.

16   In sum, the consolidated action will proceed with respect to the following claims

17   and defendants: (1) the sexual abuse claim in count I as to defendants Dr. Koehn and

18   Baker; and (2) Plaintiff's allegations in count I that Dr. Koehn was deliberately indifferent

19   to his serious medical needs when he refused to evaluate Plaintiff's complaints of knee

20   and back injuries in April 2014; (3) the retaliation claim in count IV as to Dr. Koehn

21   insofar as it is predicated on the allegation that Dr. Koehn threatened to and did sexually

22   abuse Plaintiff because of his complaints concerning his medical care; (4) the Eighth

23   Amendment excessive force claim against Collette; (5) the Eighth Amendment excessive

24   force claim against Holliday; (6) the Eighth Amendment deliberate indifference to serious

25   medical need claim against Holliday; and (7) the retaliation claim against Holliday.

26   DATED THIS 27th day of September 2016.

27   _____

28   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE